HARDIGREE v GREEN

Docket No. 44469. Submitted January 15, 1980, at Lansing.—Decided April 22, 1980. Leave to appeal applied for.

Eleanor J. and William Hardigree brought a malpractice action against Dr. W. M. Green and the City of Pontiac, d/b/a Pontiac General Hospital, for damages resulting from complications which followed an October 3, 1974, operation performed by Dr. Green at Pontiac General Hospital. Dr. Green settled with plaintiffs and an order of discontinuance was entered as to him. Defendant city moved for accelerated judgment on the basis of the doctrine of governmental immunity. The Oakland Circuit Court, Robert L. Templin, J., granted defendant city's motion for accelerated judgment. Plaintiff Eleanor Hardigree appeals. *Held:*

*Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), which held that the operation of a hospital by a local governmental unit is not a "governmental function" within the meaning of the governmental tort liability act, should be given prospective effect only. Although *Parker* did not address the issue of whether its holding should be applied prospectively or retroactively, in the interest of justice and fairness and in view of the reliance that hospitals may have placed on the rule of law in effect prior to *Parker* the rule in *Parker* is to be prospectively applied to causes of action arising after December 27, 1978, the decisional date of *Parker.*

Affirmed.

1. Courts — Torts — Governmental Immunity — Retroactive Application.

Courts are reluctant to apply retroactively a rule of law which overrules a common law doctrine of governmental immunity from tort liability.

References for Points in Headnotes

[1-3] 20 Am Jur 2d, Courts § 233.

57 Am Jur 2d, Municipal, School, and State Tort Liability § 67.

Immunity of municipal corporation from liability for damages in tort in operating hospital. 25 ALR2d 203.

2. COURTS — DECISIONS — RETROACTIVE APPLICATION — PROSPECTIVE
    APPLICATION.

 The factors to be considered by courts in determining whether a
 new rule of law which overrules a prior established rule of law
 should be applied prospectively or retroactively are: (1) the
 purpose of the new rule, (2) the general reliance on the old
 rule, and (3) the effect on the administration of justice.

3. COURTS — DECISIONS — TORTS — GOVERNMENTAL IMMUNITY —
    MUNICIPALLY RUN HOSPITALS — PROSPECTIVE APPLICATION.

 The Michigan Supreme Court decision which removed from the
 scope of the doctrine of governmental immunity the general
 operation of a municipally run hospital is, in the interest of
 justice and fairness and in view of the reliance of such hospi-
 tals on the prior established rule of law, given prospective
 application from December 27, 1978, the date of release of the
 Court's decision abrogating the prior established rule of law.

*Ripple, Chambers & Steiner, P.C.,* and *Raguso, Barnett & Bars,* for plaintiff.

*Wilson, Portnoy, Basso & Leader, P.C.* (by *Robert P. Roth),* for defendant.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and R. E. ROBINSON,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff Eleanor J. Hardigree (hereinafter plaintiff) was admitted to Pontiac General Hospital for a D&C and a tubal ligation. On October 3, 1974, the operating physician lacerated and perforated her small intestine and her uterus causing complications of pneumonia, yellow jaundice, a blood clot on the lung and other serious life-threatening conditions. On March 14, 1979, there was a settlement with Dr. Green and an order for discontinuance was entered. Plaintiff appeals as of right from a December 5, 1975, order granting accelerated judgment

---

 * Circuit judge, sitting on the Court of Appeals by assignment.

to the hospital based on the doctrine of governmental immunity.

Were this cause filed today, there would be no question that *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), would control. That case held that the operation of a hospital is not a "governmental function" within the meaning of the governmental tort liability act, as a modern hospital is essentially a business and its operation is not an activity of such a peculiar nature that it can only be done by government. The Court was silent as to whether its decision was to be applied prospectively or retroactively. This issue was addressed in *Parker v Port Huron Hospital,* 361 Mich 1, 28; 105 NW2d 1 (1960), when charitable hospital immunity was overruled:

"In the interest of justice and fairness, in view of the new ruling and the reliance that some, albeit few, charitable, nonprofit hospital corporations may have placed on the old ruling, and may have failed to protect themselves by the purchase of available insurance, we believe the new rule should apply to the instant case and to all future causes of action arising after September 15, 1960, the date of the filing of this opinion."

The common law doctrine of governmental immunity of the state and its instrumentalities from tort liability was abrogated by *Pittman v City of Taylor,* 398 Mich 41, 49; 247 NW2d 512 (1976), which stated:

" 'The doctrine of governmental immunity is an historical anachronism which manifests an inefficient public policy and works injustice upon everyone concerned.' *Brown v Wichita State University,* 217 Kan 279, 297; 540 P2d 66 (1975)."

Despite its strong language against governmental

immunity, the Court in *Pittman* announced that its holding was only to be applied prospectively with the exception of any other cases then pending. In overruling common law doctrines of immunity from tort liability, courts are reluctant to apply their holdings retroactively. This is explained by *Williams v Detroit,* 364 Mich 231, 260; 111 NW2d 1 (1961), which held:

"Nor do we ignore the fact that some such victims must exist whose causes of action are barred by the prospective nature of this order and that as to them this decision affords no relief from the previous unjust doctrine. Such differences are created by every change in case law (or statutory law for that matter). If this decision were not to be made prospective in its nature, its application would still fail to remedy the problem of the persons whose cause of action accrued 3 years and 1 day ago. CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605). Each case of great public concern presents hard choices. We believe prospective abrogation of the judicial doctrine of governmental immunity accomplishes the nearest approach we have available to a just and common-sense solution of a great problem which has festered in the courts for years."

Factors to be taken into account in determining whether a decision is to be applied prospectively or retroactively are: (1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the affect on the administration of justice. *People v Hampton,* 384 Mich 669, 673-674; 187 NW2d 404 (1971).

As in *Williams, supra,* this case presents a hard choice, as we sympathize with the instant plaintiff. However, in the interest of justice and fairness and in view of the reliance that hospitals may have placed on the old ruling by a possible failure to protect themselves by the purchase of available

insurance, we must decline to give the *Parker v Highland Park* ruling retroactive application. As was held in *Parker v Port Huron, supra,* we believe that the holding in *Parker v Highland Park* should only apply to *Highland Park* and to all future causes of action arising after the date of filing of that opinion.

Affirmed. No costs, a public question being involved.